UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY RAY WASHINGTON,

        Petitioner,

v.                                       CASE NO. 2:07-10458
                                          HONORABLE AVERN COHN

JAN TROMBLEY,

        Respondent.
_____/

## ORDER DENYING MOTION FOR STAY
## AND
## DISMISSING CASE WITHOUT PREJUDICE

This is a habeas case under 28 U.S.C. § 2254. Before the Court is Petitioner's motion to stay this action so that he can exhaust state remedies for four of his claims. For the reasons that follow, Petitioner's motion for stay will be denied and the petition will be dismissed without prejudice.

### I. Background

Petitioner is challenging his state convictions for felony murder, assault with intent to commit murder, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. He was sentenced to life imprisonment for the murder, three to fifteen years in prison for the assault, one to five years for being a felon in possession, and two years for the felony firearm conviction. The Michigan Court of Appeals affirmed Petitioner's convictions, see People v. Washington, No. 257149 (Mich. Ct. App. Nov. 22, 2005), and on June 7, 2006, the Michigan Supreme Court denied leave to appeal. See People v. Washington, No. 130326 (Mich. Sup. Ct.

June 7, 2006).

Petitioner filed his habeas corpus petition and motion to stay on January 29, 2007.[1]  The grounds for relief allege that

    I.     Petitioner's co-defendant Rufus Lango made statements implicating Petitioner in past crimes which were inadequately redacted, which violated Mr. Washington's constitutional right to confrontation and brought in impermissible evidence of other bad acts (FRE 404(b)); subsequent testimony and statements made by the prosecutor rendered any attempt at redaction moot.

    II.    The court committed an abuse of discretion in allowing Mr. Stanley to testify before Petitioner's jury; elements necessary for Mr. Stanley's duress defense prejudiced Petitioner, violating his right to a fair trial and impartial jury. U.S. Const. AM V, VI, XIV.

    III.   The trial court reversibly erred in violation of Mr. Washington's right to a properly instructed jury when it denied his request for a cautionary instruction on the reliability of accomplice testimony with regards to co-defendant Jesse Stanley's testimony.

    IV.   It was reversible error in violation of Mr. Washington's right to a fair trial for the trial court to adjourn both of the concurrently occurring trials when Mr. Stanley, who was being tried in front of his own jury became ill.

    V.    The trial court reversibly erred by permitting the victims to give testimony about their sympathetic past, thereby inflaming the jurors' emotions and denying Mr. Washington his right to due process and a fair trial.

    VI.   Petitioner's conviction must be reversed and all identification must be suppressed because of the identification of Petitioner is unreliable.  This is because Petitioner was never identified at the crime scene and the lapse of time of the actual identification would make this identification suspect.

---

[1] The petition is undated, but it appears to have been notarized on January 19, 2007.

> There was an abuse of discretion of the trial court for denying the motion to suppress identification and the trial judge would not allow a proper cross-examination of the unreliable identification.
>
> VII. Trial counsel and appellant counsel were both ineffective within the meaning [of the] Sixth Amendment right to effective assistance of counsel.
>
> VIII. Petitioner was denied due process of law and a fair trial in violation of the Fifth, Sixth and Fourteenth Amendments by the cumulative effect of the constitutional errors that occurred at his trial.
>
> IX. There was favorable evidence that could of been brought out at trial which was inadvertently never disclosed. This has caused a Brady violation. [Neither the] prosecution nor defense counsel brought this piece of evidence in which could of caused an acquittal of the Petitioner, violating his due process right to present evidence in his behalf.

Petitioner alleges that he has exhausted state remedies for his first five claims. He seeks a stay so that he can return to state court and exhaust state remedies for claims VI through IX.

## II. Discussion

Prisoners must exhaust available state remedies before seeking a federal writ of habeas corpus. Baldwin v. Reese, 541 U.S. 27, 29 (2004). The exhaustion doctrine requires prisoners to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review in the state's supreme court "when that review is part of the ordinary appellate review procedure in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 847 (1999).

Petitioner concedes that his habeas petition is a "mixed" petition of exhausted

3

and unexhausted claims and that he has an available state remedy to exhaust. District courts ordinarily must dismiss mixed petitions in their entirety. Rose v. Lundy, 455 U.S. 509, 510, 522 (1982).

Sometimes the dismissal of an action can result in a subsequent habeas petition being barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). See 28 U.S.C. § 2244(d). "The combined effect of Rose and AEDPA's limitations period is that if a petitioner comes to federal court with a mixed petition toward the end of the limitations period, a dismissal of his mixed petition could result in the loss of all of his claims – including those already exhausted – because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims." Pliler v. Ford, 542 U.S. 225, 230 (2004). In light of this dilemma, courts may stay claims that have been presented to the state courts and dismiss unexhausted claims. Rhines v. Weber, 544 U.S. 269 (2005).

Petitioner did not file his habeas petition toward the end of the limitations period. The one-year statute of limitations began to run on or about September 5, 2006, or ninety days after June 7, 2006, when the Michigan Supreme Court denied leave to appeal. See Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000) (explaining that "the one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired").

Furthermore, although the statute is not tolled for the time during which this action is pending, Duncan v. Walker, 533 U.S. 167, 181-82 (2001), the limitations period will be tolled while a "properly filed" motion for post-conviction relief is pending in state

4

court. 28 U.S.C. § 2244(d)(2); <u>Carey v. Saffold</u>, 536 U.S. 214, 219-20 (2002). The limitations period will resume running after Petitioner has exhausted state remedies for claims six through nine.

### III.  Conclusion

Petitioner should be able to comply with the federal statute of limitations even if the Court does not stay this action. However, the Court cautions Petitioner not to delay in pursing his state remedies and, if unsuccessful, in re-filing his habeas petitioner.

Therefore, Petitioner's motion for a stay is DENIED. The petition is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  February 5, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of record, Gregory Washington, 165649, Saginaw Correctional Facility, 9625 Pierce Road Freeland, MI 48623 on this date, February 5, 2007, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160